## PEDRO BARREGO v. THE STATE.

No. 934.   Decided March 22, 1911.

**1.—Assault to Murder—Continuance—Want of Diligence.**

Where the application for continuance showed no diligence there was no error in overruling same.

**2.—Same—Evidence—Bill of Exceptions.**

Where, upon appeal from a conviction of assault to murder, the bills of exception did not give sufficient of the other testimony in the case or of the questions about which the witnesses were asked, to show that there was any error in permitting the testimony objected to, the matter could not be considered.

**3.—Same—Evidence—Harmless Error.**

Where the question objected to was not leading but a mere restatement of what had already been testified to by the witness, the error if any was harmless.

**4.—Same—Argument of Counsel—Charge of Court.**

Where the court at the instance of defendant gave a special charge to the jury not to consider the statement of counsel that the court would charge on aggravated and simple assault because there was a squint of testimony, etc., there was no error.

**5.—Same—Charge of Court—Self-Defense—Requested Charges.**

Where, upon trial for assault to murder, the court had fully submitted in his main charge, and also in requested charges the question of defendant's right to demand an explanation of deceased and to arm himself, there was no error in refusing another requested charge on the same subject which did not correctly state the law applicable to the facts.

**6.—Same—Charge of Court—Adequate Cause.**

Where, upon trial of assault to murder, the court had properly submitted the question of adequate cause, there was no error in refusing a requested charge which did not correctly state the law of the case.

**7.—Same—Sufficiency of the Evidence.**

Where, upon trial for assault to murder, the evidence supported the con-

viction and the court properly submitted the law of the case, there was no error.

Appeal from the District Court of Falls. Tried below before the Hon. Richard I. Munroe.

Appeal from a conviction of assault with intent to murder; penalty, two years imprisonment in the penitentiary.

The testimony for the State showed that the parties met in a restaurant and defendant asked prosecutor whether he knew him, and whether prosecutor's name was Antonio Valdez, etc., all of which prosecutor answered in the affirmative. Prosecutor arose from the table to get a glass of water, and after drinking and going to and returning from the door to pour out the water left in the glass, defendant met him and accused him of calling him a rascal in the Justice Court a week previously, a scuffle ensued, and prosecutor dropped his glass; parties interfered and prosecutor ran, and as he passed out of the door defendant shot at him. Prosecutor testified that defendant struck at him in the scuffle, and that he did not strike back, etc. Defendant testified that prosecutor had called him a rascal in the Justice Court, and that defendant was demanding an explanation, when prosecutor struck him, and was trying to hit defendant with a chair when defendant shot at him in self-defense.

No brief on file for appellant.

*C. E. Lane*, Assistant Attorney-General, for the State.

PRENDERGAST, JUDGE.—The appellant was indicted and convicted for an assault to kill Antonio Valdez, and his punishment assessed at two years confinement in the penitentiary.

1. Appellant made a motion for a continuance on the ground of the absence of Ricardo Garcia, but his motion for continuance shows no diligence. Besides this, the record shows that the witness attended and testified for the defendant on the trial. There was no error in overruling the motion for continuance.

2. Appellant objected to this testimony of Antonio Valdez: "I was interpreter in a case in Justice Court; the case was something about a girl." And by another bill he objected to this testimony of this same witness: "That day in the justice's office the officer told me to tell him something. Justice Lamar and Mr. Jack Ward, the mayor of Rosebud, told me to tell Pedro if he kept on going to that house it was going to cost him his neck, and they told me to tell him if he insisted on keeping on going there it was liable to cost him his neck, and he says, 'He know his business,' and I tell him, 'You acting rascal.'" To the first testimony above stated the appellant objected, because it was inquiring about another and different offense than the one for which he was on trial, and was incompetent to prove any fact in the case on trial, and

could only serve to prejudice the jury against the defendant. The second testimony objected to was that the statements by the justice of the peace and mayor were hearsay statements, and were giving the opinion of the officer of another and different cause, harmful to the defendant, and immaterial.

Neither of these bills gives sufficient of the other testimony in the case or of the questions about which they were asked to show that there was any error whatever in permitting the testimony, and they in no way show that they injured the appellant. We take it from them they may have been admissible for the purpose of showing the motive of the appellant in shooting at the witness Valdez. In no way do they show that they were immaterial or improper testimony in the case.

3. Appellant also objected to a question by the State to said witness Valdez, "if he took hold of the defendant to hold him or to fight him," to which he answered, "He took hold of him to hold him." The appellant's objection to this was that it was leading and suggested to the witness the answer wanted, and the fact had been fully inquired into on direct examination, and this was a mere re-hash of the testimony prompted by a leading question. We think the question was not a leading question, but, if so, as stated by the bill, it was a mere re-hash of whatever had already been testified to by the witness, so that if it was an error it was harmless to the appellant and would be no ground for reversing the case.

4. Appellant also complains of the statement by the county attorney in his argument to the jury to the effect that the court would charge on aggravated and simple assault, not because the court believed the facts, but simply because there was a squint of testimony to raise the question; the court would be compelled to give the charge whether or not any other reasonable man would believe a word of it. The court, at the instance of the appellant, gave a special charge to the jury instructing them not to consider this statement or argument by the county attorney. There was no error shown by this bill of exceptions.

5. The appellant requested the following charge: "If the defendant believed that he had been aggrieved by Antonio Valdez, calling him a rascal, he would have the right to arm himself with a pistol and seek out Valdez and demand of him a retraction or explanation of the epithets applied to him by the said Antonio Valdez, and in doing so would not in any manner forfeit his rights of self-defense, and his acts shall not be held by you against him, and if you believe from the evidence that he did so arm himself and seek out the prosecuting witness, and the prosecuting witness assaulted him and he then drew his pistol, he would have a right to do so, and you will by your verdict acquit him, or if you have a reasonable doubt thereof, you will give him the benefit of the doubt, and acquit him." This requested charge does not state a correct proposition of law applicable to this case. Be-

sides this, the court, in the main charge, clearly and fully covered the questions properly raised by the evidence on this point.

6. The appellant also requested this charge: "If you believe from the evidence that the defendant shot at Antonio Valdez, but you believe that at the time he fired the shots the defendant was suffering under excitement caused by the assault of Antonio Valdez and Ulerno Garcia, if you believe so, you will acquit the defendant of the charge of assault to murder." What we have said about the special charge refused, just above, is applicable to this charge also.

The court gave a full charge applicable to the case in all of its phases, and submitted the case of assault with intent to kill, aggravated assault and simple assault, and charged appropriately on adequate cause and self-defense. In fact, the charge of the court in connection with the special charges requested by appellant, which were given, submitted every phase of the case, even more favorably, if anything, to the defendant than otherwise.

7. There is no error shown by any additional grounds set up in the motion for new trial, not noted above, to justify this court in reversing the case. As stated above, the court gave a full and correct charge on every issue properly raised in the case. The rights of the appellant were fully protected so far as any ground of complaint is shown by this record. The testimony was fully sufficient to justify the verdict found, and there was no error in the lower court overruling the motion for new trial. The judgment will in all things be affirmed.

*Affirmed.*